UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONALD J. POTTER,

                Plaintiff,

-against-

PORT JERVIS POLICE DEPARTMENT;
POLICE OFFICER ANDREW HANIUK,
SHIELD NO. 0037; POLICE OFFICER
CHRISTOPHER MEHEDIN, SHIELD NO.
12771,

                Defendants.

19-CV-10519 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated at Fishkill Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that on October 20, 2018, police officers unlawfully searched his car and falsely arrested him. By order dated December 5, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following allegations are from Plaintiff Donald Potter's complaint.[2] On October 20, 2018, Sergeant Egan, who was off-duty, called the "front desk" at the Port Jervis police department to report suspicious activity at 5:40 a.m., on Water Street, in Port Jervis, New York. Sergeant Egan "claimed to think [a] vehicle was being broken into because the back door [of the vehicle] was allegedly open and no people were present." (ECF 1 at 4.) The police dispatcher sent Police Officers Hanieuk and Mehedin, who arrived at the scene within "30 seconds to 1 minute." (*Id.*)

When Officers Hanieuk and Mehedin arrived, Plaintiff and two others were in Plaintiff's sport utility vehicle. The officers told Plaintiff that they smelled marijuana and asked him if they could search the vehicle.[3] Plaintiff responded that they could not search his car without a warrant. This "alone indicates absolute violation of a person's rights of an illegal stop." (*Id.* at 4.)

Officers Hanieuk and Mehedin then "claimed to have found a dollar bill with cocaine residue and arrested [Plaintiff] and co-defendants for criminal possession of a controlled substance in the seventh degree." (*Id.* at 5.)[4] Plaintiff contends that they arrested him in order to

---

[2] Plaintiff directs the Court to "see declaration and exhibits to prove facts with law" (ECF 1 at 5), but no declaration or exhibits are attached to the complaint. After the Court dismissed Plaintiff's suit against the presiding judge and prosecutor in *Potter v. Freehill*, ECF 1:19-CV-7948, 7 (S.D.N.Y. Nov. 7, 2019), Plaintiff submitted in that action a declaration with state court documents relating to this conviction under Indictment #2018-766 (ECF 12).

[3] Officer Egan testified at the suppression hearing, however, that he did not "smell marijuana in the area while driving through." (Compl., ECF 1 at 4.)

[4] Plaintiff filed what purports to be a signed statement from Lourristan Potter dated May 3, 2019, stating that "[t]he cocain[e] that was found in the driver door panel next to me was mine

2

"investigate an unrelated crime." (*Id.*) Plaintiff alleges that the "charge was a method used to hold [Plaintiff] and co-defendants in custody until [known] stolen property at the time came back with a scoope [sic] 5 hours later." (*Id.*) Plaintiff alleges that at trial, a jury acquitted him of the charges for possession of a controlled substance.[5] (*Id.* at 5.)

Plaintiff seeks damages for "loss of freedom, emotional distress, [and] economic loss." (*Id.* at 5.) He seeks relief for the unlawful arrest and violation of his Fourth Amendment rights to be free from "illegal search and seizure." (*Id.*)

According to public records, Plaintiff was charged in the Supreme Court of the State of New York, Orange County, under Indictment #2018-766, with five counts related to the October 20, 2018 arrest, including (1) burglary in the third degree; (2) grand larceny in the third degree; (3) possession of stolen property in the third degree; (4) possession of burglar's tools; and (5) criminal possession of a controlled substance in the seventh degree. Plaintiff was convicted of burglary, grand larceny, and possession of stolen property and is currently incarcerated in state custody based on this conviction.

## DISCUSSION

**A.     Port Jervis Police Department**

Plaintiff's claims against the Port Jervis Police Department must be dismissed because under New York law, city agencies or departments lack the capacity to be sued. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York,

---

that I placed there when police approached the vehicle. Donald Potter and Darick Potter did not know anything about the drugs I placed there . . . ." *Potter*, 1:19-CV-7948, 12 (S.D.N.Y.).

[5] According to public records, two days before the October 20, 2018 arrest that Plaintiff challenges in this complaint, Plaintiff pleaded guilty in *People v. Potter*, Index No. 01086-2017, in the Westchester County Criminal Court to attempted burglary in the 3rd degree. He is awaiting sentencing in that matter.

3

agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

Moreover, even if Plaintiff had named the City of Port Jervis instead of the Police Department as a defendant, it would not be sufficient for Plaintiff to allege that Port Jervis's employees or agents engaged in some wrongdoing. A plaintiff must show that the municipality *itself* caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). Plaintiff fails to state a claim against the City of Port Jervis because he does not allege facts showing that the City of Port Jervis, through its policies, customs, or practices, caused a violation of Plaintiff's rights.

B.     Claims that Are Necessarily Inconsistent with Conviction

Plaintiff asserts claims for illegal search and false arrest in connection with the events on October 20, 2018. The U.S. Supreme Court has explained that a civil rights plaintiff cannot pursue claims that would necessarily be inconsistent with a conviction:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). Therefore, "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

1. Illegal Search and Seizure

Some Fourth Amendment claims will lie even if the plaintiff was convicted:

> [A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the §1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, . . . and especially harmless error., . . . such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.

*Heck*, 512 U.S. at 487, n.7. "[B]ecause the admission of unlawfully seized evidence does not always require a conviction to be set aside, a conclusion that evidence was unlawfully seized does not require the further conclusion that the plaintiff's conviction was invalid." *McCord v. City of New York*, No.13-CV-2008, 2014 WL 2567108, at *3 (AJN) (S.D.N.Y. June 6, 2014); *see also Fifield v. Barrancotta,* 353 F. App'x 479, 481 (2d Cir. 2009) (remanding to determine the applicability of *Heck* to the appellant's Fourth Amendment claims); *Williams v. Ontario Cnty. Sheriff's Dep't*, 662 F. Supp. 2d 321, 329 (W.D.N.Y. 2009) ("[A] federal court's finding of a Fourth Amendment violation would not necessarily imply that a prior state conviction was

unlawful if, despite the constitutional violation, the subject evidence was admissible based on such doctrines as independent source, inevitable discovery, and harmless error.").

In certain situations, however, district courts have observed that "the doctrines of independent source, inevitable discovery, and harmless error discussed in *Heck* are not applicable, [such as] where . . . the entire evidentiary basis for the charged offense derive[d] from a single episode involving a single search." *Clayton v. City of Poughkeepsie*, No. 06-CV-4881 (SCR), 2007 WL 2154196, at *4 (S.D.N.Y. June 21, 2007) (dismissing unlawful search claims as barred by *Heck* where entire criminal case turned on motion to suppress evidence from one search and plaintiff pled guilty immediately after the motion to suppress was denied).[6]

Here, Plaintiff contends that the search of his vehicle was unlawful and seems to suggest that the officers' statements that they smelled marijuana were false and pretextual. The Court takes judicial notice of Judge Robert Freehill's decision in the County Court of the State of New York, Orange County, denying Plaintiff's motion to suppress evidence in the criminal proceedings.[7] *See Potter v. Freehill*, ECF 1:19-CV-7948, 12 (S.D.N.Y.) (ECF 12 at 34) (order denying motion to suppress statements and physical evidence). Judge Freehill held that the police officers "testified credibly" to the following:

> [Officer Haniuk] noticed a strong odor of burning marihuana coming from inside the vehicle . . . Lourristan Potter . . . advised Officer Haniuk that they were smoking marihuana [and Lourristan] was asked to get out of the vehicle and he

---

[6] *See also Black v. Blackmun*, No. 11-CV-2372 (BMC) (ALC), 2011 WL 6019394, at *2 (E.D.N.Y. 2011) (where conviction hinged directly on the weapons procured during search, and motion to suppress was denied, an award of damages for an unlawful search would necessarily imply the invalidity of state court conviction); *Kaminski v. Hayes*, No. 3:06-CV-1524 (CFD), 2009 WL 3193621, at *6 (D. Conn. Sept. 30, 2009) (illegal search claim barred by *Heck* where it was "apparent that the entire evidentiary basis for the charged offenses . . . derive[d] from a single search that [was] now being challenged as part of a section 1983 action").

[7] *See Taylor v. Vermont Dept. of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002) (holding that the court may take judicial notice of public records); *Mangifico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) ("[D]ocket sheets are public records of which the court [may] take judicial notice.").

6

>   was arrested. . . .[Officer Haniuk] observed several facial masks and tools in the vehicle . . .[and] new iPhones spilling out of a red bag in the rear of the vehicle. Officer Mehedin . . . . [also] could smell the odor of marihuana [and] observed the burglar's tools and iPhones.. . .

*Id.*

Judge Freehill concluded that "[t]he odor of marihuana provided probable cause to search the automobile," especially when "considered in combination with [Lourristan Potter's] statement . . . that they were smoking marihuana." (*Id.* at 35.) Moreover, "[t]he observation of burglar's tools and cell phones expanded the scope of the investigation." (*Id.* at 36.) Because of this, the trial court determined that the statements and physical evidence were admissible at the criminal trial.

A criminal defendant is barred from relitigating any issue determined adversely to him in the criminal proceeding, provided that he had a full and fair opportunity to litigate the issue. *See Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 481 (1982); *Owens v. Treder,* 873 F.2d 604, 606 (2d Cir. 1989) (holding that the doctrine of collateral estoppel "may bar relitigation in a subsequent civil rights action in federal court of an issue that was determined in a state court criminal proceeding").

Success on Plaintiff's § 1983 claim that the search of his vehicle violated his Fourth Amendment rights would be inconsistent with his conviction for possession of stolen property, which relied on evidence from the search that was determined to be admissible at trial. Plaintiff's Fourth Amendment claim must therefore be dismissed under *Heck*.

"Disposition of the case on *Heck* grounds, however, warrants only dismissal without prejudice, because the suit may be reinstituted should plaintiff's conviction be 'expunged by executive order, declared invalid . . ., or called into question by a federal court's issuance of a

writ of *habeas corpus*.'" *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (quoting *Heck*, 512 U.S. at 487).

2. False Arrest

A claim for false arrest under § 1983 looks to state law as a starting point to determine the elements of a claim for false arrest. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide rather than to control the definition of § 1983 claims and courts should not "mechanically apply" the law of New York State); *Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003).

To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted).

Officers have probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). Thus, if "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest," the arrest is privileged, and the plaintiff cannot state a claim for false arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).

"Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest.").

Based on Plaintiff's own allegations, "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest." *Devenpeck*, 543 U.S. at 152. Plaintiff seems to argue that his arrest was unlawful because he was acquitted of some charges. "[A] claim for false arrest turns only on whether probable cause existed to arrest a defendant . . . . [I]t is not relevant whether probable cause existed with respect to each individual charge." *Jaegly*, 439 F.3d at 154. Plaintiff thus fails to state a claim under § 1983 that Defendants Hanieuk and Mehedin arrested him without probable cause. Moreover, because Plaintiff's conviction was dependent on evidence obtained as a result of the arrest, success on his false arrest claim would be necessarily inconsistent with his conviction, and *Heck* therefore bars Plaintiff's false arrest claim unless the conviction is overturned.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with prejudice as to the Port Jervis Police

9

Department and without prejudice as to Officers Hanieuk and Mehedin. The Court declines, under 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction over any state law claims that Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 3, 2020
         New York, New York

                                            COLLEEN McMAHON
                                     Chief United States District Judge